IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KALIM A. R. MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-71-RAH-SMD |
| | ) | |
| PUBLIX SUPERMARKETS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Kalim A. R. Muhammad ("Muhammad") filed an amended complaint against, *inter alia*, Defendants Publix Supermarkets, Inc., ("Publix") and the Equal Employment Opportunity Commission ("EEOC"), which has been docketed as a civil rights action pursuant to 42 U.S.C. § 1983. Am. Compl. (Doc. 4). By order on July 19, 2024, the undersigned stayed service of the amended complaint because it did not establish this Court's subject matter jurisdiction and failed to meet federal pleading standards. Order (Doc. 14). The undersigned afforded Muhammad an opportunity to file a second amended complaint to correct these deficiencies. *Id*. As of today, Muhammad has not filed a second amended complaint, and because the time for doing so has passed, the undersigned recommends that Muhammad's amended complaint (Doc. 4) be dismissed without prejudice and without further opportunity to amend.

**I.    PROCEDURAL BACKGROUND**

On February 12, 2024, Muhammad filed a complaint against multiple defendants,

including Publix and the EEOC. Compl. (Doc. 1). Muhammad paid the filing fee and then amended his complaint on March 25, 2024. Receipt (Doc. 1-1); Am. Compl. (Doc. 4). Muhammad requested additional time to serve his amended complaint, and the undersigned granted his request. Mot. (Doc. 6); Order (Doc. 7).

Before the amended complaint was served, Muhammad moved to file a second amended complaint, attaching his proposed complaint to the motion. Mot. (Doc. 9); Prop. 2d Am. Compl. (Doc. 9-2). The undersigned granted Muhammad's request to amend but ordered that the proposed complaint not be docketed because it, along with the amended complaint, was a shotgun pleading that failed to meet federal pleading standards and did not establish this Court's subject matter jurisdiction over the dispute. Order (Doc. 14). The undersigned stayed service of the amended complaint and ordered Muhammad to file a second amended complaint that complied with the federal rules and provided him with specific instructions on how to do so. *Id*. The undersigned warned Muhammad that if he did not file a second amended complaint that complied with the federal pleading standards, his amended complaint would remain operative, and the undersigned would recommend **"that his case be dismissed because the amended complaint (Doc. 4) [] fails to meet federal pleading standards."** *Id*.

## II.   JURISDICTION

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). They have jurisdiction over two general types of cases: (1) cases that arise under federal law and (2) cases in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties. 28 U.S.C.

§§ 1331, 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Federal courts presume that causes of action "lie[] outside this limited jurisdiction[.]" *Kokkonen*, 511 U.S. at 377.

Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "It is a plaintiff's duty in a federal civil action to identify in the complaint the basis for the court's subject matter jurisdiction." *Anderson v. Sheely*, 2024 WL 3297067, at *1 (S.D. Ala. July 3, 2024) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). If a plaintiff fails to establish subject matter jurisdiction, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

Here, Muhammad's amended complaint does not contain a jurisdictional section setting forth the basis of this Court's jurisdiction. *See* Am. Compl. (Doc. 4). Further, the amended complaint does not contain a section identifying the causes of action Muhammad purports to bring against the defendants (which could suggest that this Court has federal question jurisdiction), nor does it assert facts showing that this Court has diversity jurisdiction. Because it is Muhammad's burden to establish that this Court has jurisdiction over his dispute, and because his amended complaint does not satisfy this burden, the undersigned recommends that his amended complaint (Doc. 4) be dismissed for lack of subject matter jurisdiction.

### III.     PLEADING REQUIREMENTS

To state a claim on which relief may be granted, a complaint must meet the pleading standards set forth in the Federal Rules of Civil Procedure. *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019). Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 also requires that each allegation in the complaint "be simple, concise, and direct." FED. R. CIV. P. 8(d). Rule 10 requires that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Thus, to comply with federal pleading standards, a complaint must—at a minimum—set forth claims in numbered paragraphs as required by Rule 10 and allege sufficient facts for the court to reasonably infer that a defendant's actions were unlawful.

A "shotgun pleading" violates the "short and plain statement" requirement under Rule 8. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). The Eleventh Circuit has recognized four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint not falling into the first category, but nevertheless "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach*

4

*Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Fundamentally, a shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A court has the inherent authority to *sua sponte* require a plaintiff to replead a complaint that is a shotgun pleading. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006).

A court should construe a pro se complaint "more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although a "less stringent standard" is applied to pro se pleadings, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). In other words, a pro se litigant is still "subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). When a pro se plaintiff files a shotgun pleading, the district court should give "him the opportunity to replead with instructions." *Walters v. Sec'y, Fla. Dep't of Corrs.,* 743 F. App'x 401, 402-03 (11th Cir. 2018).

**IV.    DISCUSSION**

Assuming *arguendo* that this Court has subject matter jurisdiction over Muhammad's amended complaint, the amended complaint should still be dismissed because it is a textbook shotgun pleading. First, the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."

5

*Weiland*, 792 F.3d at 1321. Indeed, the amended complaint contains fifty-two pages of indecipherable allegations, along with ninety-eight pages of exhibits, that consist of little more than incoherent legal arguments and conclusions. For example, paragraph four states:

> Under the various facts of this case—with its supporting documents and its discovery to be served upon the Defendants, this complaint asserts that there is not only the plausible matter to be exposed, but also there is to be substantial proof to be shown—where this complaint will then show various violations which are also petitioned as being inconsistent with various directives, policies, agendas, statements and teaching mechanisms authored and promoted by the Company Founder [Geroge Jenkins/Mr. George] [Formerly paragraph 216].

Am. Compl. (Doc. 4) p. 2. Paragraph five states:

> This Complaint notes that an intentional injury claim has little in common with workers' compensation and it more in line with tort actions. The Plaintiff asserts that Publix and their Agents intended to do harm and acts of rascality unto the Plaintiff and even the members of the proposed Classes. As such—they are therefore petitioned as subject matter for various considerations for estoppels, bias, discriminatory nepotism, corporate hatred, bad faith, *mens rea* and or indifference and discriminatory animus against the Plaintiff. These matters are said to be otherwise nominated as "deliberate intent causes of action."

*Id*. And paragraphs eight and nine state, in part:

> Just this past January, the Plaintiff and Reverend Michael Bowen Sr. at Safe Haven help sponsored our annual March for Stopping the Violence on MLK Holiday and focused this year on World Peace, by setting the stage for Jews, Christians, and Muslims, as well as other Religions Leaders to march with us from the Historic Brown Chapel Church to the foot of the Edmund Pettus Bridge.
>
> Thus said, the Plaintiff is known for starting "good trouble" when government officials and or corporate entities have crossed the line into oppression of the masses.

*Id*. at 3. Simply put, these are not simple, concise allegations of fact as required under the Federal Rules, and the remaining paragraphs of the amended complaint suffer from the same or similar deficiencies.

Muhammad's amended complaint also fails to identify any particular cause of action or claim against any defendant. While it appears that Muhammad may be attempting to assert an employment discrimination claim against Publix and a constitutional claim against the EEOC, nowhere in the amended complaint does he set forth these claims. And to the extent that Muhammad is attempting to allege another type of claim against Publix, the EEOC, or any other defendant, the amended complaint provides no factual basis upon which the undersigned could construe a claim.

Complicating these deficiencies, Muhammad's amended complaint does not clearly identify the defendants against whom he attempts to assert his claims, whatever they may be. For example, other than listing several individuals and/or corporations within the caption of the amended complaint, Muhammad does not explicitly identify these defendants within the body of the amended complaint, nor does he provide any specific allegations of their wrongdoing that he ties to any particular cause of action. As such, it is completely impossible for the Court to determine who the defendants are, what they have done, or how their actions have violated the law.

For these and other reasons, Muhammad's amended complaint (Doc. 4) is a shotgun pleading that does not meet the minimum federal pleading standards and should be dismissed.

## V. OPPORTUNITY TO AMEND

The undersigned previously ordered Muhammad to file an amended complaint that established this Court's jurisdiction over his dispute and otherwise met federal pleading standards. Order (Doc. 14). In that order, the undersigned provided Muhammad with specific instructions on how to amend. Specifically, the undersigned ordered Muhammad to file "a second amended complaint that complies with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure and the following requirements []:

(1) The second amended complaint shall contain <u>a section that clearly identifies the parties</u> in this suit.

(2) The second amended complaint shall contain <u>a jurisdictional section</u> wherein Muhammad clearly alleges the basis of this Court's jurisdiction by setting forth the specific federal statute or constitutional provision under which he brings his claims or by alleging sufficient facts to support diversity jurisdiction.

(3) The second amended complaint shall contain <u>a section of facts</u> set forth in numbered paragraphs, each limited as far as practicable to a specific set of circumstances. Allegations of fact must show that Muhammad is entitled to relief and must be stated in a clear, concise, and direct manner. They may not include legal argument, legal standards, or legal conclusions. Muhammad shall provide the specific dates, as far as practicable, on which the factual allegations occurred and shall explicitly allege the actions or inactions of the defendants that allegedly caused him harm.

(4) The amended complaint shall contain <u>a cause of action section</u>, wherein Muhammad shall set forth the individual cause(s) of action he asserts against the defendants. Within each cause of action, Muhammad shall identify the statute under which the claim is brought. And for each cause of action alleged, Muhammad shall set forth the factual allegations about each defendant's conduct relating to that specific cause of action. Muhammad should not incorporate by reference previous paragraphs within the complaint.

8

> (5) The second amended complaint shall contain a section stating the relief that Muhammad seeks."

Order (Doc. 14) pp. 8-9. The undersigned warned Muhammad **"that his failure to fully comply with this order will result in a recommendation that this case be dismissed for failure to prosecute this action, for failure to abide by orders of the Court, and/or for failure to meet the federal pleading standards."** *Id*. at 9.

As of today, Muhammad has not filed a second amended complaint, nor has he requested additional time to do so. Because Muhammad has already been afforded an opportunity to amend and was provided with specific instructions for amendment, Muhammad should not be afforded an additional opportunity to amend his complaint prior to dismissal.

## VI.  CONCLUSION

Because Muhammad fails to establish that this Court has jurisdiction over his dispute and, alternatively, because his amended complaint is a shotgun pleading and fails to meet federal pleading standards, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Muhammad's amended complaint (Doc. 4) be DISMISSED without prejudice and without further opportunity to amend. It is

ORDERED that the parties shall file any objections to this Recommendation **on or before September 4, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections

to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of August, 2024.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE